FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA** 2015 22 P 12: 01

| | |
|---|---|
| KARA RENEE JOHNSON , on behalf of herself and all others similarly situated, and AMANDA E. RICHTER, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE SALON PEOPLE, INC., a Florida Corporation TSP INSTITUTE, INC. , a Florida Corporation, and TSP ACADEMY SALONS, INC., a Florida Corporation,<br><br>Defendants. | Civil Action No.<br><br>**CLASS AND FLSA COLLECTIVE ACTION COMPLAINT**<br><br>8:15-CV-964-T-35TBM |

## INTRODUCTION

1.      This is an FLSA collective action, on behalf of beauty school students at the "Aveda Institute Florida" operated by defendants in Florida, who suffered damages as a result of the violations of the federal Fair Labor Standards Act.

2.      Plaintiffs seek to bring their claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as a collective action on behalf of all similarly situated persons, pursuant to 29 U.S.C. §216(b) and for damages in excess of $15,000 and as a class action for themselves and all similarly situated persons who provided labor as alleged herein for defendants pursuant to Fla. Const. Art. X, § 24 and Florida Statute of Civil Procedure 1.220, such class action seeking both damages and equitable relief.

3.      As outlined in greater detail herein, Plaintiffs and the other members of the proposed FLSA collective action group and Florida class action are or were cosmetology students at defendants' for profit beauty school, who were required by defendants to perform

1

numerous hours of work in beauty salons operated by defendants in Florida that were part of such for-profit schools and that charged substantial fees to the public for cosmetology services and products, under factual circumstances that created an employee-employer relationship between these students and defendants and required that Plaintiffs and the FLSA collective action group and Florida class action members be paid certain minimum hourly wages for such work under well-established federal law and Fla. Const. Art. X, § 24.

4.       Despite this, defendants did not pay any wages to Plaintiffs and the other student/employees, in clear violation of the law.

**JURISDICTION AND VENUE**

5.       This Court has jurisdiction over the claims alleged herein because Plaintiffs seek relief pursuant to the Fair Labor Standards Act ("FLSA") for the defendants' failure to pay minimum wages as required by 29 U.S.C. § 201-218, et seq. The employment relationship alleged to exist between the parties is subject to the FLSA because the defendants are properly deemed "employers" within the meaning of the FLSA as they have in excess of $500,000 in yearly revenue and the employment alleged involved the use or handling of goods and services that have moved or were moving in interstate commerce, as those terms are defined in the FLSA.

6.       This Court has pendent jurisdiction over the claims alleged herein under Fla. Const. Art. X, § 24 as they arise out of the same transaction or occurrence, or common nucleus of operative facts, that gave rise to the federal claim.

7.       Additionally, both the federal and the state claim arise out and will be adjudicated by the same body of law as noted in Fla. Const. Art. X, § 24 (b):

> *(b) DEFINITIONS. As used in this [Art. X, § 24], the terms "Employer," "Employee"*
> *and "Wage" shall have the meanings established under the federal Fair Labor*

2

*Standards Act (FLSA) and its implementing regulations*

8.     Venue is properly placed in this Court as the conduct alleged herein took place in the Middle District of Florida, Plaintiffs reside in the Middle District of Florida and defendants conduct business, inter alia, in the Middle District of Florida.

## PARTIES

9.     Plaintiff Johnson resides in Tarpon Springs, Florida.   Plaintiff Johnson was, during the relevant time period, a student at Aveda Institute Florida in Florida and was also an employee of a beauty salon owned and operated by defendants as part of their for-profit school, who performed over 500 hours of uncompensated labor at defendants' beauty salon in Tampa Bay, Florida, without being paid any wages.

10.     Plaintiff Richter resides in Palm Harbor, Florida. Plaintiff Richter was, during the relevant time period, a student at Aveda Institute Florida in Florida and was also an employee of a beauty salon owned and operated by defendants as part of their for-profit school, who performed over 500 hours of uncompensated labor at defendants' beauty salon in Tampa Bay, Florida, without being paid any wages.   .

11.     At all times material hereto, Defendant THE SALON PEOPLE, INC., a Florida for-profit corporation with its principal place of business at 235 3rd Street South Suite 102, St. Petersburg, Florida, 33701, was the owner and/or operator, either directly or through one or more subsidiaries or other entities that it wholly directs and controls, of the for-profit beauty and cosmetology schools operating throughout Florida described herein, including one in Duval County, Florida.

12.     At all times material hereto, Defendant TSP INSTITUTE, INC. (hereafter "TSP INSTITUTE"), a Florida for-profit corporation with its principal place of business at 235 3rd

Street South, Ste. 100, St Petersburg, Florida, 33701, was the owner and/or operator, either

directly or through one or more subsidiaries or other entities that it wholly directs and controls,

of the for-profit beauty and cosmetology schools operating throughout Florida, including the

salons that are a component of those described herein including one in Duval County, Florida,

under the following Fictitious Names:

> AVEDA INSTITUTE JACKSONVILLE
> 235 - 3RD STREET SOUTH, SUITE 100,
> ST PETERSBURG
>
> AVEDA INSTITUTE-ORLANDO
> 115 EAST COLONIAL DR, ORLANDO
>
> AVEDA INSTITUTES FLORIDA
> 235-3RD STREET SOUTH,
> ST. PETERSBURG
>
> AVEDA INSTITUTE - SOUTH FLORIDA
> 235 THIRD ST SOUTH,
> ST PETERSBURG
>
> AVEDA INSTITUTE-ST. ORLANDO
> 115 EAST COLONIAL DRIVE,
> ORLANDO
>
> AVEDA INSTITUTE ST. PETERSBURG
> 235 THIRD STREET SOUTH, SUITE 100,
> ST PETERSBURG
>
> AVEDA INSTITUTE-TALLAHASSEE
> 2020 W. PENSACOLA ST.
> TALLAHASSEE
>
> AVEDA INSTITUTE-TAMPA BAY
> 235 THIRD STREET SOUTH STE 200
> ST PETERSBURG

13.     All of these fictitious names are hereafter referred to as "Aveda Institute Florida."

14.     At all times material hereto, Defendant TSP ACADEMY SALONS, INC.,

(hereafter "TSP ACADEMY"), a Florida for-profit corporation with its principal place of business at 235 3rd Street South, Suite 200. St. Petersburg, Florida, 33701, was the owner and/or operator, either directly or through one or more subsidiaries or other entities that it wholly directs and controls, of the beauty and cosmetology schools operating throughout Florida described herein, including one in Duval County, Florida.

15.     Upon information and belief, each of the defendants was an employer, was the principal, agent, partner, joint venturer, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the defendants, and were engaged with some or all of the other defendants in a joint enterprise for profit, and/or such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiffs are further informed and believe and thereon allege that each defendant acted pursuant to and within the scope of the relationships alleged above, and then at all relevant times, each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and/or abetted the conduct of all the other defendants.

16.     At all times relevant, each of the defendants were co-conspirators, agents, servants, and/or joint ventures of each of the other defendants and was acting within the course and scope of said conspiracy, agency, servitude, and/or joint venture and with the permission and consent of each of the defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.     The named Plaintiffs bring their FLSA claim as set forth in Count I on their own

behalf, and on behalf of a proposed collective action of similarly situated persons under 29

U.S.C. § 216(b), defined as:

> **All cosmetology students of AVEDA INSTITUTE in Florida who**
> **performed labor without pay at an AVEDA INSTITUTE salon selling**
> **cosmetology services and products to the public in Florida during the**
> **period three years prior to the commencement of this case through the**
> **present and who also elect to join this lawsuit by filing a written**
> **consent with the Court, the named Plaintiffs' written consents being**
> **filed with this complaint.**

18.     Over 100 persons fit within the proposed FLSA collective action

definition.

19.     There is a well-defined community of interest in the questions of law and fact

affecting the collective action members as a whole.

20.     The members of the proposed collective action were all cosmetology students at

Aveda Institute in Florida and each performed labor without pay by defendants in one of

defendants' beauty salons in Florida that charged members of the public for cosmetology

services and products and that was part of defendants' for-profit school, working under uniform

policies and procedures created by defendants which created an employee/employer relationship

with defendants.

21.     The questions of law and fact common to each of the members of the FLSA

collective action predominate over questions which may affect only individual members of the

collective action, including the following:

> a.  whether Plaintiffs and the other members of the collective action were employees
>     of defendants within the meaning of the FLSA; and whether the FLSA required
>     defendants to pay Plaintiffs and the other members of the FLSA collective action
>     group wages at least equal to the federal minimum wage for the work they were

6

required to perform at defendants' beauty salons that charged members of the public for cosmetology services and products and that were part of defendants' for-profit school.

22.     These questions are such that proof of a set of facts common to the members of the FLSA collective action group will entitle each member of the collective action group to the relief requested in this Complaint.

23.     Plaintiffs are members of the FLSA collective action group they seek to represent.

24.     Plaintiffs were students at Aveda Institute in Florida between August 20, 2012 and August 20, 2014, performed unpaid labor during the same time period at defendants' for-profit beauty salon in Florida, performing cosmetology services on members of the general public who paid a fee for those services to defendants, as described in Attachment A.

25.     Specifically, Plaintiff KARA RENEE JOHNSON attended defendants' school until October, 2013, during which time she performed over 500 hours of unpaid labor at one of defendants' beauty salons that charged members of the public for cosmetology services and products and that were part of defendants' for-profit school in Tampa Bay, performing cosmetology services on members of the general public who paid a fee for those services to defendants, as described in Attachment A.

26.     Specifically, Plaintiff AMANDA E. RICHTER attended defendants' school until February, 2014 during which time she performed over 500 hours of unpaid labor at one of defendants' beauty salons that charged members of the public for cosmetology services and products and that were part of defendants' for-profit school in Tampa Bay, performing cosmetology services on members of the general public who paid a fee for those services to defendants, as described in Attachment A.

27.     The claims of Plaintiffs are not only typical of all FLSA collective action group

members, they are identical in that they arise from uniform policies and circumstances and are based on the same legal theories of all FLSA collective action group members.

28.     Plaintiffs have no interest antagonistic to, or in conflict with, the FLSA collective action group.

29.     Plaintiffs will thoroughly and adequately protect the interests of the collective action group, having retained qualified and competent legal counsel to represent herself and the group.

30.     Defendants have acted and refused to act on grounds generally applicable to the collective action group, thereby making appropriate injunctive and declaratory relief for the group as a whole.

31.     The prosecution of separate actions by individual FLSA collective action group members would create a risk of inconsistent or varying adjudications.

32.     An FLSA collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.     Common questions will predominate, and there will be no unusual manageability issues.

## RELEVANT FACTS OF THE DEFENDANTS' OPERATIONS AND THE PARTIES' RELATIONSHIP

34.     Defendants operate the Aveda Institute Florida as a for-profit business.

35.     Defendants are registered with the State of Florida as for-profit corporations and no defendant is registered with, or recognized by, any State or the United States as a non-profit or charitable enterprise.

36.     Defendants are required by law to file tax information reports or tax returns with

8

the United States Internal Revenue Service and on those filings, defendants are not indicated to

be a charity or non-profit business within the meaning of the statutes and regulations that govern

their obligation to file those reports or returns.

37.     The defendants' for-profit activities that are part of the Aveda Institute Florida

generate two distinct types of revenue:

a.      providing educational services (the "school business") to paying
students in the cosmetological trades, training such students to practice the trades of
cosmetology, barbering, esthetics or skin care, makeup artistry and manicuring, the
revenue from such activities consisting of student tuition, fees, and student purchases
of books and supplies associates with such education and training provided by
defendants; and

b.      providing personal cosmetology services to the general public at
beauty salons owned by defendants in Florida called the "Aveda Institute Salon" (the
"salon business"), all of which are located at defendants' Aveda Institute schools,
where members of the public pay a fee to defendants to receive cosmetology,
barbering, esthetics or skin care, makeup artistry or manicuring services.

38.     The defendants' salon business is designed to generate revenue for defendants,

which is separate and apart from the revenue generated by defendants through the operation of

their school business, with the defendants' goal being to ultimately generate a profit from all of

their combined business activities conducted by and through the Aveda Institute.

39.     Defendants are running for-profit cosmetology schools in Florida under the Aveda

Institute name with the intention of making a profit by collecting tuition money from each

student of over $10,000 per student.

40.     At the same time, defendants also operate beauty salons  the "Aveda Institute

Salon" (hereafter "defendants' salon") where defendants provide cosmetology services to the

general public in exchange for substantial fees. See Attachment A, price list for the cosmetology

services provided to the public at the "Aveda Institute Salon" in Florida.

41.     The fees charged by defendants to the general public at defendants' salon greatly exceed the cost of the materials used in providing those services. See Attachment A, Pricelist for the cosmetology services provided to the public by the "Aveda Institute Salon."

42.     As is clear from Attachment A, below, defendants charge customers at the Aveda Institute Salon Florida one of two prices for each cosmetology service, depending on the level of experience of the Aveda Institute cosmetology student, and collective action and/or putative class member performing the service, see Attachment A, noting separate prices for each service, depending on whether it is performed by less experienced "Institute" student worker or a more experienced "Masters" student worker :

## HAIR ESTHETICS

| | Institute | Masters |
|---|---|---|
| Haircut & Simple Style | $12 | $18 |
| Shampoo & Simple Style | $12 | $18 |
| Updo/Specialty Set/Braiding* | $30 | $35 |
| Blow-Dry with Iron Work | $50 | $60 |
| Botanical Therapy Conditioning Treatment* | $25 | $30 |
| Botanical Therapy Cond. Treatment - add-on | $10 | $10 |

## HAIR COLOR*
### Color, Permanent or Semi-Permanent

| | | | |
|---|---|---|---|
| Color Retouch | starts at | $32 | $42 |
| Color Retouch with Color Balance | starts at | $42 | $52 |
| First Time Color | starts at | $52 | $57 |
| Blonding | starts at | $52 | $62 |
| Corrective Color | starts at | $82 | $102 |
| Glossing Treatment - add-on | | $10 | $10 |

## HIGHLIGHTS*
### (includes up to 2 colors)

| | | | |
|---|---|---|---|
| Partial Foil (approx. 20 foils) | starts at | $38 | $47 |
| 1/2 Head Foil (approx. 35 foils) | starts at | $44 | $54 |
| Full Foil | starts at | $50 | $62 |
| Accent Foils (each) - add-on | | $5 | $7 |

## COMBINATION COLOR*

| | | | |
|---|---|---|---|
| Color Retouch w/ Partial Foil | starts at | $52 | $62 |
| Color Retouch w/ 1/2 Head Foil | starts at | $62 | $72 |
| Color Retouch w/ Full Foil | starts at | $72 | $77 |

## TEXTURE SERVICES*

| | | | |
|---|---|---|---|
| Relaxer | starts at | $68 | $75 |
| Permanent Waves | starts at | $68 | $75 |
| Spiral Perm | starts at | $70 | $90 |

43.    The prices charged by defendants to salon customers for cosmetology services by student workers (i.e. listed as "Institute" prices on Attachment A), are generally $5 to $10 lower than the price charged by defendants for the same cosmetology service performed by a more experienced student worker (i.e. listed as "Master" prices on Attachment A.).

11

44.     Thus, for example, a customer at defendants' salon would pay $12 for a "Haircut and Simple Style" by a lower level student worker and $18 for the same procedure performed by a more experienced student worker. See Attachment A.

45.     The prices charged by defendants to paying customers at defendants' salons for cosmetology services performed by student workers, though slightly cheaper if performed by less experienced student workers than if performed by more experienced student workers, are still substantially higher than the cost of the materials consumed in performing those services.

46.     For example, the  materials consumed in providing a "Haircut and Simple Style" consist of less than a small amount of shampoo and hair spray or mousse, the cost of which is less than $2 in total.

47.     Despite this, defendants charge paying salon customers $12 for a  "Haircut and Simple Style" by a student worker, substantially higher than the cost of the materials consumed in providing this service.

48.     Defendants' salon business generates significant revenue and materially contributes to the profits that the defendants enjoy from their operation of the Aveda Institute through the substantial fees listed on Attachment A paid by the public to defendants for the salon services performed by Aveda Institute cosmetology students who are  collective action and/or putative class action members.

49.     In operating their salon business, defendants utilize the labor of the FLSA collective action group members, who have also purchased the educational services provided by the defendants.

50.     In other words, after charging students over $10,000 per student to attend defendants' beauty school, defendants then require, as a condition of completing their

12

educational program, those same students work over 500 hours each in defendants' salon,
performing cosmetology services on paying customers of defendants.

51.     The FLSA collective action and putative class action members are paid no
compensation by defendants for he labor they provide in defendants' salons, meaning they
receive no payments in United States currency or in instruments that are convertible as a matter
of law into such currency in exchange for furnishing such labor.

52.     The labor provided by the collective action and putative class action members in
the defendants' for-profit salons was essential to defendants' salon business.

53.     Without the free labor provided by Plaintiffs and the other FLSA collective action
group and putative class action members, defendants' salon business would either cease to
operate, or defendants would have to hire and pay other persons to perform such services,
persons who would have to be compensated at a minimum hourly wage as required by the FLSA.

54.     The defendants actively promote and advertise their salon business to the public
through various means and induce the purchase of those services by offering them to members of
the public at a cost which, while still substantial, is lower than the cost typically charged by other
salon businesses (who do not utilize  labor for which they pay less than the FLSA minimum
wage) for similar services.

55.     Defendants' salon business competes with other profit-making businesses that
provide the same salon services to the public.

56.     Members of the public have available to them other providers of such salon
services in the area, besides the defendants' salon who, for a fee, will provide the same salon
personal services as are provided at defendants' salons.

57.     Defendants enhance their business profits, and minimize their business losses, if

any,  by unfairly competing with other profit-making salon businesses, because defendants do not pay wages to the persons who perform the salon services on members of the public at defendants' salons and whose labor generates substantial revenue for the defendants: Plaintiffs and the FLSA collective action group members.

58.    Defendants' ability to provide the same salon services to members of the public at a lower price than is charged by competing for-profit salons,  and  do so in a fashion that is economically advantageous to the defendants, , is either substantially or entirely the result of the defendants enjoying lower operating costs because they provide such salon services to the public using unpaid labor furnished by the Plaintiffs and other members of the putative class and collective action group.

59.    Defendants' competitors in the salon business, in contrast, must pay at least the minimum hourly wage required by the FLSA to all their employees.

60.    Defendants have made a conscious decision to run the Aveda Institute  as a "for-profit" enterprise.

61.    Defendants have made a conscious decision to charge fees to the public for services performed by student workers that greatly exceed the costs of the materials consumed, so that defendants can substantially economically benefit from the fees customers pay for the salon services performed by student workers.

62.    Defendants' decision to  use the labor of the putative class and collective action members  in the defendants' salons for the substantial economic benefit of the defendants  is irrelevant to the educational goals of Plaintiffs and the other putative members of the class and collective action group and is also, in many respects, inimical to those educational goals

63.    Plaintiffs and the other putative class and FLSA collective action group members

would enjoy the exact same "experience-gaining" benefit of practicing or acquiring cosmetology

and other skills on live persons if the defendants did not charge members of the public any fee

for such salon services, or if defendants only charged a fee sufficient to cover the actual cost of

the materials, if any, consumed during the provision of such salon services.

64.     In other words, if defendants were only interested in training cosmetology

students and having them practice on real people, defendants could have them practice on

members of the public without charging the public a substantial fee for the salon services, or by

having such students practice on each other for free; or by charging a reduced fee that merely

covered the cost of the materials used in providing such services.

65.     Defendants did not do this, however.

66.     Instead, defendants charged members of the public substantial fees for the salon

services provided by student workers at the Aveda Institute Florida salons, fees which are much

higher than the costs of the materials consumed in provided such services. See Attachment A,

price list for the cosmetology services provided to the public by the "Aveda Institute Salon" in

Florida.

67.     Indeed, the defendants' practices actually hamper the "experience-gaining"

benefit derived from having beauty school students practice cosmetology services in defendants'

salon.

68.     For example, defendants refuse to allow their students to perform or practice any

cosmetology service in their salons unless a paying member of the public pays the fee listed on

Attachment A to defendants for that service.

69.     Defendants do not allow student salon workers to perform or practice any such

service in defendants' salons for free on volunteers or each other.

70.     This means that student workers in defendants' salons are often waiting for a paying customer to come in to the salon and order a cosmetology service so that defendants can charge a fee for that service.

71.     During the time spent waiting for a paying customer to order and pay for a cosmetology service from a student worker, defendants require student workers to perform other menial tasks at the salon which, while necessary to operating a salon business, are irrelevant to cosmetology education and/or passing the state cosmetology license test which is the goal of Aveda Institute's students.

72.     Among these menial tasks which defendants required Plaintiffs and the other student workers to perform in the salon include sweeping, folding towels, and cleaning.

73.     In addition, defendants required student workers in the salon to perform whatever cosmetology procedures a paying customer ordered and paid for, even when the student worker had already become substantially proficient in performing that procedure and would only marginally benefit, if at all, by further practice or training with regard to that particular procedure

74.     Conversely, defendants prohibited student workers in the salon from performing those particular cosmetology procedures which they had not yet achieved much, if any, proficiency in performing and which they would greatly benefit from further practicing unless and until a paying salon customer ordered that procedure and agreed to pay for it.

75.     No educational purpose was served by these practices and, indeed, these policies were contrary to any educational interests of the student workers, the collective and putative class action group members, and were instead dictated by defendants' desire to earn revenue from fees paid by salon customers to defendants for labor performed by student workers.

76.     The defendants' educational business neither requires, nor benefits, from the defendants' decision to charge members of the public fees for providing salon services.

77.     Rather, the reason the fees are charged by defendants at their salon is to enhance defendants business profits, or minimize their losses, if any, by generating revenue for the defendants from the provision of salon services to the public; revenue that is generated by utilizing the unpaid labor of Plaintiffs and the other putative class and FLSA collective action group members to carry out defendants' salon business.

78.     By carrying on a their salon business, as alleged herein, utilizing the unpaid labor of the putative class and FLSA collective action group members, defendants' actions have the effect of depressing wages and employment opportunities generally among workers who would otherwise, while earning wages at least equal to the minimum hourly wage required by the FLSA, provide those salon services to the public for a fee.

79.     Without the free salon labor provided by the putative class and collective action group members, defendants, if they wished to continue running a salon performing services upon members of the public for a fee as part of a profit making business venture, would have to hire paid employees, compensated with at least the FLSA's minimum hourly wage, to replace them or else defendants could not continue their salon business.

80.     A depression of wages and employment opportunities arises from the defendants conduct because the defendants are paying nothing whatsoever for the putative class and FLSA collective action group members' labor, which defendants use to provide the salon services that they are selling in the public marketplace and to generate the fees paid for those services by the public.

81.     This, in turn, results in defendants being able to conduct a profit-making business

that charges members of the public less than their salon competitors must charge, because such salon competitors must pay at least the minimum hourly wage required by the FLSA to their salon employees.

82.    The ability of defendants to secure free labor for defendants' salon business, without paying at least the minimum hourly wage required by the FLSA for that labor, results in other competing salon businesses being unable to increase the wages of their workers above that minimum hourly amount or to hire more workers to provide such services.

83.    Salon businesses in competition with defendants are unable to increase the wages they pay to their employees or hire more employees as a direct and proximate result of defendants' utilization of the putative class and FLSA collective action group members' unpaid labor in defendants' salon business and the defendants' ability, as a result of such utilization, to sell such salon personal services to the public as part of defendants' for profit business for less than other competing salon businesses could charge and still make a profit.

84.    The amount of hours of unpaid labor that Plaintiffs and the other putative class and FLSA collective action group members were required to perform in defendants' salon, and who also graduated from defendants' Aveda Institute school, was over 500 hours per student/employee, for which they were paid no wages by defendants whatsoever.

## HOW THE RELEVANT FACTS ESTABLISH AN EMPLOYMENT RELATIONSHIP FOR THE PURPOSES OF THE FLSA

85.    The relationship between the defendants and Plaintiffs and the other putative class and FLSA collective action group members, in respect to the labor provided by Plaintiffs and the other putative class and collective action group members in the defendants' salon business, is one of employer and employee for the purposes of the FLSA.

86.    That employment relationship exists for the following reasons:

a.     Plaintiffs and the other putative class and FLSA collective action group members provided labor in defendants' salon business that was immediately advantageous to defendants and the defendants' business substantially increased its profits, or lessened its losses, if any, as a result of the use of such labor;

b.     Plaintiffs and the other putative class and collective action group members, while receiving a benefit from their labor in the form of experience, were simultaneously conferring an additional and valuable economic benefit – beyond the tuition they paid for training – upon the defendants, because defendants were charging the public fees for the salon services performed by Plaintiffs and the other putative class and collective action group members which were high enough to generate a substantial amount of revenue for the defendants;

c.     The labor provided by Plaintiffs and the other putative class and FLSA collective action group members in defendants' salon business displaced or made unnecessary the employment of the persons the defendants would have otherwise needed to employ, and pay wages to, for the performance of the labor that Plaintiffs and the putative class and FLSA collective action group members furnished and from which the defendants generated substantial revenue;

d.     Certain types of labor performed by Plaintiffs and other putative class and FLSA collective action group members did not, and could not, confer any educational benefit whatsoever upon such putative class and FLSA collective action group members, in that such persons were required by defendants to spend some time not actually performing salon services on customers, but rather performing manual labor or administrative functions including, but not limited to, janitorial, clerical or logistical functions, that were essential and necessary for conducting defendants' salon business, but which had no educational purpose, and for which time expenditures defendants failed and refused to pay the putative class and FLSA collective action group members any wages whatsoever; and

e.     Defendants' utilization of the unpaid labor of Plaintiffs and the other putative class and FLSA collective action group members in a commercial salon which was charging members of the public for services, and which was operated as part of the Aveda Institute's for profit business, depresses the wages of employees in competing salons and lessens the employment opportunities in the salon industry in the locations where Aveda Institute operates

## COUNT I

## FAIR LABOR STANDARDS ACT

### On Behalf of the Members of the FLSA Collective Action

87.    Plaintiffs incorporates all preceding paragraphs as though fully set forth at length

herein.

88.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and §207, the named Plaintiffs and the members of the similarly situated collective action group were entitled to at least the minimum hourly wage, which is currently $7.25 an hour, for each hour of the over 500 hours they each labored in defendants' for-profit salon business.

89.     The fees charged to members of the general public by defendants for the cosmetology services provided in defendants' salon, as outlined in Attachment A, were paid to defendants.

90.     The named Plaintiffs and those members of the similarly situated collective action were paid no monetary compensation whatsoever by the defendants for performing labor in the defendants' salon.

91.     Such failure to pay the Plaintiffs and the  members of the collective action any compensation whatsoever violated the minimum hourly wage requirements of 29 U.S.C. § 206.

92.     Defendants' aforesaid violations of the FLSA were willful in that defendants were aware they were running a for-profit business and were treating Plaintiffs and the members of the collective action like employees and using their labor to confer a substantial economic benefit upon the defendants and compete in the public marketplace for salon services by selling that labor for which they paid the Plaintiffs and the members of the collective action nothing.

93.     Defendants were also aware that employees of profit-making salon businesses are covered by the minimum hourly wage requirements of the FLSA.

94.     The named Plaintiffs, on behalf of themselves  and all other similarly situated persons who consent in writing to join this collective action, seek, under Count I, a judgment for unpaid minimum wages and additional liquidated damages of 100% of any such unpaid wages,

such sums to be determined based upon an accounting of the hours worked by the named

Plaintiffs and any such other similarly situated persons who consent to join this action.

95.     Plaintiffs also seek an award of attorney's fees, interest and costs as provided for

by the FLSA.

## COUNT II

### FLORIDA. CONSTITUTION ART.  X, § 24

#### On Behalf of the Members of the Putative Class

96.      Plaintiffs incorporate all preceding paragraphs as though fully set forth at length

herein.

97      Pursuant to the applicable provisions of Art. X §24 of the Florida Constitution,

which sets forth an hourly minimum wage requirement for Florida employees and incorporates

the FLSA in respect to determining who is an employee entitled to receive such minimum wage

specified under the Florida Constitution,  the named Plaintiffs and the members of the putative

class of  similarly situated persons were entitled to at least the minimum hourly wage, which is

currently $8.05 an hour under such provision of the Florida Constitution, for each hour of the

over 500 hours they each labored in defendants'  salon business.

98.      The defendants' violations of the FLSA, for the reasons discussed herein *supra*,

have also caused the defendants to have violated the minimum wage requirements of Art. X §24

of the Florida Constitution, except that such violations result in different relief being available to

the putative class members under the Florida Constitution.

99.      Defendants' aforesaid violations of Art. X §24 of the Florida Constitution were

willful in that defendants were aware they were running a for-profit business and were treating

Plaintiffs and the members of the collective action like employees and using their labor to confer a substantial economic benefit upon the defendants and compete in the public marketplace for salon services by selling that labor for which they paid the Plaintiffs and the members of the putative class action nothing.

100.    Defendants were also aware that employees of profit-making businesses are covered by the minimum hourly wage requirements of Art. X §24 of the Florida Constitution.

101.    The named Plaintiffs seek, on behalf of themselves and all other persons who are members of the putative class alleged herein, which class shall consist of all putative class members, as described herein, who provided uncompensated labor in defendants salon business in the State of Florida from a date prior to the filing of this Complaint that corresponds with the applicable statute of limitations for claims for unpaid minimum wages pursuant to Art. X §24 of the Florida Constitution and continuing through the date of judgment, a judgment for unpaid minimum wages and additional liquidated damages of 100% of any such unpaid wages, such sums to be determined based upon an accounting of the hours worked by the named Plaintiffs and all such putative class members. Plaintiffs also seek an award of attorney's fees, interest, suitable declaratory and injunctive relief, and costs as provided for by Art. X §24 of the Florida Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this court to:

    a.  Certify the proposed FLSA collective action under 29 U.S.C. § 216(b) and the proposed Art. X §24 of the Florida Constitution class action for the claims set forth in Count I and II;

    b.  Enter an order for injunctive and declaratory relief as described herein;

   c.  Enter judgment in favor of each Plaintiffs and putative class and collective action

       member for damages suffered as a result of the conduct alleged herein, to include

       interest and pre-judgment interest;

   d.  Award Plaintiffs reasonable attorneys' fees and costs; and

   e.  Grant such other and further legal and equitable relief as the court deems just and

       equitable.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.


BY: _____

Patrick O'Haire Whitford, Esq.
Florida Bar #: 074858
The Whitford Law Firm
1431 Riverplace Blvd. Ste. 2902
Jacksonville, Florida 32207
(904) 541-0399
Primary e-mail:
pwhitford@thewhitfordlawfirm.com
Secondary e-mail:
thewhitfordlawfirm@gmail.com

Attorneys for Plaintiffs

and

Leon Greenberg, Esquire (*pro have vice* pending)
2965 South Jones Boulevard #E-3
Las Vegas, NV 89146
(702) 383-6369
Attorneys for Plaintiffs

Dated:  April 22, 2015